IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:21CV14311

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

    Plaintiff,

v.

AUDIO TEC DESIGNS, INC., DAVID Y.
HOLIDAY, and JENNIFER A. HOLIDAY,

    Defendants.

## COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendants Audio Tec Designs, Inc. ("Audio Tec"), David Y. Holiday ("David"), and Jennifer A. Holiday ("Jennifer") (collectively, the "Defendants"), and alleges as follows:

### THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Palm Beach County, Florida.

2. Audio Tec is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 4601 N. Dixie Highway, Boca Raton, FL 33431. Audio Tec's agent for service of process is Jennifer A. Holiday, 5311 NW 77th Court, Coconut Creek, FL 33073.

3. David is an individual who is a citizen of the State of Florida residing at 5311 NW 77th Court, Coconut Creek, FL 33073.

4. Jennifer is an individual who is a citizen of Florida residing at 5311 NW 77th Court,

Coconut Creek, FL 33073.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice. Audio Tec maintains a registered agent in this State, conducts substantial and not isolated business in this State, and regularly markets/advertises to consumers in this State. Upon information and belief, David and Jennifer own real property in this State.

7. Venue properly lies in this district because Defendants reside in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTS

### I. Plaintiff's Business and History

8. Plaintiff was created as a Florida corporation in June 2005. Plaintiff's sole shareholder is Robert Stevens.

9. For the past sixteen (16) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

10. Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of

consumer drone technology came to market.

11. Mr. Stevens travels throughout the State of Florida, nationally, and internationally to photograph high-end real estate on behalf of Plaintiff's clients. He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

12. Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

13. Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

14. Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "© Robert Stevens" to the bottom left corner thereof. Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

**II.  The Work at Issue in this Lawsuit**

15. In 2010, Plaintiff created a photograph titled "Presidential Place front aerial 2010

AAP" (the "Work"). Consistent with Plaintiff's general practices, the Work contains (in the bottom right corner) Plaintiff's copyright management information as follows: "© Robert Stevens." A copy of the Work is exhibited below.



16. The Work was registered by Plaintiff with the Register of Copyrights April 6, 2018 and was assigned Registration No. VA 2-097-651. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as Exhibit "A."

17. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendants' Unlawful Activities

18. Audio Tec' was founded in 1995 and, per its website, represents itself as a "leader in the field of home automation and home theater systems for over two decades." According to

its website, Audio Tec's founder (David) is "an experienced technology professional with degrees in engineering, robotics, telecommunications, computer architecture and networking."

19. David is the President and Secretary of Audio Tec. Jennifer is the Treasurer and Vice President of Audio Tec. David and Jennifer are the sole shareholders of Audio Tec. David and Jennifer have exclusive control over the business activities of Audio Tec, including but not limited to the infringing activities that are the subject of this lawsuit.

20. On or about January 13, 2020, David and Jennifer caused the Work to be published on Audio Tec's business Facebook page. In so doing, David and Jennifer superimposed a caption of "Audio Tec Designs helps you to efficiently manage a successful property" and likewise placed Audio Tec's logo over the Work. See Facebook.

21. Around the same time that the Work was published on Audio Tec's Facebook account, David and Jennifer also caused the Work to be published (in two separate sub-pages) on Audio Tec's business website: Commercial Audio and Security Systems by Audio Tec Designs and Residential Community Audio, Video and Security Systems (audiotecdesigns.com).

22. In publishing the Work on Audio Tec's website/Facebook page, Defendants left Plaintiff's copyright management information intact (removing any doubt that the photograph on Audio Tec's website/Facebook page is the Work and that Defendants understood they were not free-to-use/in the public domain. A true and correct copy of screenshots of Audio Tec's website and Facebook page, displaying the copyrighted Work, is attached hereto as Exhibit "B."

23. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with the aforementioned use or for any other purpose – even though the Work that was copied clearly displayed Plaintiff's copyright management information and put Defendants on notice that the

Work was not intended for public use.

24. Defendants utilized the Work for commercial use – namely, in connection with the advertising and marketing of Audio Tec's home security/home automation services.

25. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in June 2021. On June 25, 2021 (following Plaintiff's discovery), Plaintiff notified Defendants in writing of such unauthorized use.

26. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Audio Tec)

27. Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

28. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

29. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

30. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Audio Tec had access to the Work prior to its own reproduction, distribution, and public display of the Work on Audio Tec's Facebook page and website.

31. Audio Tec reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

32. By its actions, Audio Tec infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly

displaying the Work for Audio Tec's own commercial purposes.

33. Audio Tec's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Audio Tec has been in business for over two decades and promotes its services on the basis of Audio Tec's purported expertise in cutting-edge technology. Audio Tec maintains "three experienced installation teams, two programmer/engineers, project managers and an administrative staff" to perform its services, and clearly understands that high-end photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet.

34. Plaintiff has been damaged as a direct and proximate result of Audio Tec's infringement.

35. Plaintiff is entitled to recover its actual damages resulting from Audio Tec's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Audio Tec's profits from infringement of the Work, which amounts shall be proven at trial.

36. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

37. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Audio Tec's conduct.

38. Audio Tec's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Audio Tec as follows:

a. A declaration that Audio Tec has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Audio Tec, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Audio Tec, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT
### (David and Jennifer)

39. Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

40. As evidenced above, Audio Tec infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

41. As the President/Secretary (David), Vice President/Treasurer (Jennifer), and sole shareholders of Audio Tec, David and Jennifer have the right and ability to control the infringing acts of Audio Tec, yet declined or failed to stop Audio Tec from engaging in its infringing activity – indeed, David and Jennifer are the individuals who caused the infringement to occur.

42. David and Jennifer obtained a direct financial benefit from Audio Tec's infringing activities. As the sole shareholders of Audio Tec, David and Jennifer receive profit distributions therefrom and, upon information and belief, pay themselves a salary therefrom.

43. As a direct and proximate result of David and Jennifer's vicarious copyright infringement, Plaintiff has been damaged. See, e.g. Broad. Music, Inc. v. Evie's Tavern Ellention, Inc., No. 8:11-cv-2056-T-17TBM, 2011 U.S. Dist. LEXIS 137720, at *5-8 (M.D. Fla. Nov. 30, 2011).

**WHEREFORE**, Plaintiff demands judgment against David and Jennifer as follows:

a. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

b. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

c. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d. Permanently enjoining David and Jennifer, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with David and Jennifer, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

e. For such other relief as the Court deems just and proper.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: August 2, 2021.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700

4841-1795-7485, v. 1

EXHIBIT "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**
**VA 2-097-651**
**Effective Date of Registration:**
April 06, 2018

## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)
For Photographs Published: January 01, 2010 to December 12, 2010

### Title

| | |
|---|---|
| **Title of Group:** | Selected 2010 Photographs H3 Including Mar a Lago, Mirasol, Breakers and Others |
| **Number of Photographs in Group:** | 122 |
| • **Individual Photographs:** | City_Place_West_Palm_Beach_3, Lifeguard stands sunrise 2010 AAP, Point Manalapan aerial 2010 AAP, Boynton Beach Inlet aerial 1 2010 AAP, Trump Plaza night b 2010 AAP, Palm Beach boats at sunset 2010 AAP, Trump Plaza night a 2010 AAP, WPB aerial pano c 2010 AAP, Fort Lauderdale Beach a 2010 AAP, New Orleans Saints Superbowl Miami 2010 AAP |
| **Published:** | January 2010 |
| • **Individual Photographs:** | Trianon West Palm sunset pano 2010 AAP, 389 Building PB 2010 AAP, One Watermark Place at sunset 2010 AAP, West Palm Night Pano a 2010 AAP, West Palm Night Pano b 2010 AAP, Night on Clamatis B 2010 AAP, West Palm Night Pano c 2010 AAP, Everglades Island Palm Beach aerial a 2010 AAP |
| **Published:** | February 2010 |
| • **Individual Photographs:** | Waterview Towers dawn 2010 AAP, Singer Island aerial pano 2010 AAP, Ibis Isle aerial a 2010 AAP, Ibis Isle aerial b 2010 AAP, Breakers West Palm aerial pano 2010 AAP, Palm Beach Towers aerial 2010 AAP, WPB aerial pano a 2010 AAP, The Tesoro Club sunset 2010 AAP, WPB Convention Center Night 2010 AAP, Kravis and Convention Center 2010 AAP, West Palm Boat Show b 2010 AAP, Waterview Towers pano 2010 AAP, West Palm Boat Show a 2010 AAP, West Palm Boat Show c 2010 AAP, Palm Beach Biltmore and Boats night 2010 AAP |
| **Published:** | March 2010 |
| • **Individual Photographs:** | Palm Beach Cielito Lindo M Bedroom 2010 AAP |
| **Published:** | April 2010 |



Greg Norman Home aerial a 2010 AAP, Ocean Residences at Boca Beach Club aerial a 2010 AAP, Lake Boca aerial pano a 2010 AAP, Lake Boca condos a 2010 AAP, Lake House South of Boca d 2010 AAP, Aragon of Boca 2010 AAP, Aragon of Boca aerial front 2010 AAP, Presidential Place front aerial 2010 AAP, City Place of West Palm aerial a 2010 AAP, City Place of West Palm aerial b 2010 AAP, Palm Beach Eveglades Club Golf aerial 2010 AAP, 1220 S Ocean aerial c 2010 AAP, Mar a Lago 3 aerial 2010 AAP, Mar a

Page 1 of 3

|   |   |
|---|---|
| | Lago pano aerial 2010 AAP, Mar a Lago 5 aerial 2010 AAP, Mar a Lago 4 aerial 2010 AAP, Mar a Lago 6 aerial 2010 AAP, Palm Beach Polo tennis aerial 2010 AAP, Palm Beach Polo Clubhouse aerial x 2010 AAP, Frenchmans Creek golf aerial 2010 AAP |
| **Published:** | May 2010 |
| • **Individual Photographs:** | Royal Palm Place AAP 2010, Aerial Photo Boca Mizner, WPB City Center 2010 AAP, Painted Brothers WPB 2010 AAP, Palm Beach pano xxx aerial 2010 AAP, Palm Beach golf aerial 2010 AAP, 446 N. Lake Way, Marina Grande aerial 2010 AAP, City_Place_West_Palm_Beach_2_1, Trump Plaza night c 2010 AAP, WPB aerial pano d 2010 AAP, Royal Park Bridge a 2010 AAP, Breakers Hotel night 2010 AAP, Royal Park Bridge b 2010 AAP |
| **Published:** | June 2010 |
| • **Individual Photographs:** | Boca Resort and Spa aerial 2 AAP 2010, Boca Resort and Spa aerial 1 AAP 2010, Caloosa sign 2010 AAP, Sheriff Van Accident w Handicap 2010 AAP, Mirasol fountain a 2010 AAP, Mirasol fountain b 2010 AAP, Mirasol fountain c 2010 AAP, Mirasol fountain d 2010 AAP, Eastpointe Singer Island b 2010 AAP, S Palm Beach condos 2010 AAP, Capri of Singer Island aerial a 2010 AAP, WPB aerial pano b 2010 AAP, Palm Beach condos aerial a 2010 AAP, Breakers Hotel aerial b 2010 AAP, Downtown West Palm Beach at Sunrise 2010 AAP, WPB golden sunrise 2010 AAP, Royal Park Bridge c 2010 AAP, Man asleap with dog 2 2010 AAP, Man asleap with dog 1 2010 AAP |
| **Published:** | July 2010 |
| • **Individual Photographs:** | 6431 River Pointe Way Theater AAP 2010, 6431 River Pointe Way - Aerial Photo with Lines AAP 2010, 6431 River Pointe Way - Living Room Game Room Version 1 AAP 2010, 6431 River Pointe Way - Living Room Game Room Version 2 AAP 2010, 6431 River Pointe Way - Wine Cellar AAP 2010, 6431 River Pointe Way - Kitchen AAP 2010, 6431 River Pointe Way Gym AAP 2010, 6431 River Pointe Way Tennis AAP 2010, 6431 River Pointe Way - Front Night Photo AAP 2010, 6431 River Pointe Way Back Patio Night AAP 2010, |
| **Published:** | August 2010 |
| • **Individual Photographs:** | Jonathans Landing and golfer 2010 AAP, Lilli Pulitzer Home a 2010 AAP |
| **Published:** | September 2010 |
| • **Individual Photographs:** | Oasis beach access Singer Island 2010 AAP |
| **Published:** | October 2010 |
| • **Individual Photographs:** | Mirabella Tennis 2010 AAP, Mirabella Front Gate 2010 AAP, Mirabella fountains 2010 AAP, Mirabella Clubhouse 2010 AAP, Mar a Lago round about 2010 AAP, West Palm aerial z 2010 AAP, L Ermitage PB 2010 AAP, One Watermark Pl aerial 2010 AAP, One Watermark Pl night 2010 AAP, Delray Beach shops 2010 AAP, Man with his dogs in Delray 2010 AAP, Delray Beach Pineapple Grove sign 2010 AAP, Sunset Palm Beach Intracoastal 2010 AAP, PB Town Hall 2010 AAP, Church Mouse and Clock 2010 AAP, Colony PB night 2010 AAP, Oriental Garden Four Arts 2010 AAP |
| **Published:** | November 2010 |
| • **Individual Photographs:** | Frenchmans Reserve golf aerial 2010 AAP, Old Palm Clubhouse aerial c 2010 AAP, Old Palm Clubhouse aerial z 2010 AAP, Girls at driving range 2010 AAP, Old Palm Club Pano 2010 AAP |
| **Published:** | December 2010 |

## Completion/Publication



# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

Year of Completion: 2010
Publication Date in Group: January 01, 2010
Publication Date in Group: December 22, 2010
Nation of First Publication: United States

## Author

- **Author:** AFFORDABLE AERIAL PHOTOGRAPHY, INC.
  **Author Created:** photographs
  **Work made for hire:** Yes
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** AFFORDABLE AERIAL PHOTOGRAPHY, INC.
1123 Melinda Ln, Haverhill, FL, 33417, United States

## Certification

**Name:** Robert Stevens
**Date:** April 06, 2018

**Copyright Office notes:** Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.

EXHIBIT "B"






Residential Communities are a popular choice for many South Florida residents, in part due to their high safety and low maintenance... Audio Tec Designs brings the same high-tech safety and maintenance conveniences to you as a property owner/manager with automation systems that allow you to have complete, and easy, control of ALL of your systems, both residential and employee based. When it comes to residential and commercial automation, Audio Tec Designs understands that your property should be resident's #1 choice.

We also believe that your complex doesn't need to be complex to manage. Your property can be completely automated and controlled via various smart devices including phones, tablets, and automation assistants, so you have complete control at your fingertips even when you're off-site.

Whether you are looking to provide the most state-of-the-art automation services and controls for the convenience of your community's residents, or so that you can have peace of mind that your community is safe and secure for ALL who enter, Audio Tec Designs provides the means to better living - automatically. Audio Tec Designs offers its premium design, installation and repair services to Residential Communities in Palm Beach County, as well as the surrounding areas in Florida, including:

- Surveillance & Gate/Clubhouse Access Control
- Climate Control for Common Spaces
- Temperature Control for Pools/Spas
- Audio & Visual Systems
- Energy Control Systems
- Lighting Control Systems
- Intercom Systems
- Networking Systems
- Wi-Fi & Wireless Systems
- Home Theater Systems for Clubhouse
- Employee Access Systems
- Large Venue Display & Digital Signage

   

Audio Tec Designs offers many of its premium design, installation and repair services to Residential Communities in Palm Beach County, as well as in surrounding areas in Florida, and our staff is happy to train your staff to use this newly installed technology so that you can provide a truly memorable experience with a simple push of a button.

For more information about residential Community audio, video, security and automation services offered by Audio Tec Designs in Palm Beach County and the entire South Florida region, or to schedule a free consultation to discuss the premium technology needs of your business, call 561-368-4411.



   













side by side photo comparisons

original photo

copyright management information